UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNTHIA J.,<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. C23-1123-BAT<br><br>**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by misevaluating residual functional capacity ("RFC") based on erroneously evaluating the medical evidence and plaintiff's testimony; and determining at step four that plaintiff could perform her past work and at step five that plaintiff could perform work that exists in significant numbers in the national economy. Dkt. 12. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 41 years old, attended a year and a half of college, and has worked as a cashier, billing clerk, customer service representative, and van driver. Tr. 103, 114, 128, 144, 1182. On October 10, 2018, she applied for benefits, alleging disability as of the same date.

1  Tr. 114, 115, 117, 133. Her applications were denied initially and on reconsideration. Tr. 114–

2  180. An ALJ conducted a hearing and issued a June 2021 decision finding plaintiff to be not

3  disabled. Tr. 46–70, 181–97. In December 2021, the Appeals Council vacated the ALJ's

4  decision and remanded for the ALJ to consider state agency opinion evidence regarding postural

5  limitations and analyze plaintiff's obesity. Tr. 206–07.

6       A different ALJ conducted a hearing in April 2022 and issued a June 2022 decision. Tr.

7  15–37, 71–113. The ALJ determined that plaintiff met the insured status requirements through

8  September 30, 2024, and has not engaged in substantial gainful activity since the alleged onset

9  date of October 10, 2018. Tr. 18. The ALJ found that plaintiff has the severe impairments of

10  obstructive sleep apnea, obesity, migraine headache disorder, asthma, post-traumatic stress

11  disorder, generalized anxiety disorder, bipolar disorder, and major depressive disorder. *Id.* The

12  ALJ found that plaintiff did not have an impairment or combination of impairments that met or

13  medically equaled a listed impairment. Tr. 23. The ALJ assessed an RFC of light work with

14  additional physical, postural, and mental limitations. Tr. 26. At step four of the sequential

15  evaluation process, the ALJ found that plaintiff could perform her past relevant work as a billing

16  clerk and customer service representative. Tr. 34–35. Alternatively, at step five, the ALJ found

17  that plaintiff could perform other jobs that exist in significant numbers in the national economy:

18  marker, small products assembler, and hand packager inspector. Tr. 35–36. The ALJ therefore

19  found plaintiff to be not disabled. Tr. 36. The Appeals Council denied plaintiff's request for

20  review, so the ALJ's decision is the Commissioner's final decision. Tr. 1–3.

21                                   **DISCUSSION**

22       The Court will reverse the ALJ's decision only if it is not supported by substantial

23  evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 2

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Plaintiff contends that the ALJ misevaluated plaintiff's RFC by mishandling the medical evidence and plaintiff's testimony, and that the ALJ's step four and five determinations are therefore fatally flawed. The Court finds that plaintiff has failed to demonstrate that the ALJ's decision was unsupported by substantial evidence or was marred by the harmful misapplication of the law.

      1. **Medical Evidence**

Plaintiff contends that the ALJ did not, as directed by the Appeals Council on remand, properly evaluate the RFC and medical evidence. Plaintiff has not demonstrated that the ALJ harmfully erred as a matter of fact or law in evaluating the medical evidence.

The Appeals Council remanded the 2021 ALJ decision to resolve two issues: although the ALJ found the opinion of state agency examiner Dr. Howard Platter, M.D., to be persuasive, there was no discussion of why the corresponding limitation to plaintiff occasionally climbing ladders, ropes, and scaffolds was not included in the RFC; and the ALJ had failed to evaluate the nature and severity of plaintiff's obesity and its effect on plaintiff's functioning. Tr. 206–07. The Appeals Council therefore directed the ALJ on remand to "[e]valuate the claimant's obesity as required by Social Security Ruling 19-2p"; and to "[g]ive further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p)." Tr. 207.

Although the specific remit of the remand directed the ALJ to examine Dr. Platter's opined restrictions on climbing and the impact of plaintiff's obesity on her RFC, plaintiff here asserts that the ALJ improperly discounted any medical evidence suggesting greater functional limitations. Plaintiff's assertion is unpersuasive because she cannot demonstrate that the ALJ's interpretation of the medical evidence was unreasonable or unsupported by the record. An ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in the decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ may, but is not required to, explain how he or she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). Nevertheless, an ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (2022).

      a.  **Dr. Howard Platter, M.D., and Patricia Kraft, Ph.D.**

Plaintiff argues that although the ALJ assessed an RFC far more restrictive than did Drs. Platter and Kraft, having done so meant the ALJ should have found even greater restrictions. Plaintiff's argument is unpersuasive.

In June 2019, Dr. Platter opined that plaintiff could perform work at any exertional level with some postural and environmental limitations. Tr. 125–26; 141–42. In the same

administrative reviews, Dr. Kraft opined that plaintiff could perform simple and more complex tasks. Tr. 126–27; 142–43. The ALJ found the opinions of Drs. Platter and Kraft to be persuasive as consistent with and supported by the medical evidence. Tr. 32. Nevertheless, given plaintiff sought treatment and alleged greater restrictions, the ALJ gave her "the benefit of the doubt" and "assigned additional restrictions." *Id.* Plaintiff argues that the ALJ harmfully erred by assigning even greater restrictions and yet not adopting other medical evidence that could plausibly support the severity stated in plaintiff's symptom testimony.

Plaintiff cites no authority for the proposition that having assigned greater restrictions than those opined by Drs. Platter and Kraft, the ALJ should have assigned even more restrictions. As discussed below, the ALJ reasonably discounted plaintiff's testimony and evaluated the other medical evidence. The Court finds that the ALJ did not commit harmful error or fail to support his decision with substantial evidence by choosing to accept as persuasive the opinions of Drs. Platter and Kraft yet also imposing greater restrictions in the RFC based on plaintiff's allegations and history of seeking treatment.[1]

### b. Dr. Purvi Patel, Psy.D.

Plaintiff appears to contend that the ALJ should not have relied upon Dr. Patel's determinations that plaintiff was feigning, malingering, or exaggerating her symptoms because it was not possible to feign some of her impairments, such as obesity or back problems verified by imaging. Dkt. 12, at 6–7. This argument is unpersuasive. The ALJ did not determine that plaintiff failed to suffer from physical impairments, only that her "hearing testimony and the panoply of symptoms reported to her various treatment providers has been out of proportion and

---

[1] On remand, the ALJ assessed an RFC that included Dr. Platter's restriction that plaintiff could occasionally climb ladders, ropes, and scaffolds. *Compare* Tr. 26 *with* Tr. 125. This addressed an omission cited by the Appeals Council when remanding the case. Tr. 206.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 5

1  inconsistent with the treatment notes and objective evidence." Tr. 30. That is, the ALJ found

2  plaintiff's physical and mental functional limitations to be not as severe as she alleged. That Dr.

3  Patel concluded that plaintiff likely feigned or exaggerated symptoms of psychiatric and

4  cognitive dysfunction is relevant to determining the reliability of plaintiff's subjective statements

5  about the severity of her symptoms and limitations. *See* Tr. 1185. The ALJ did not commit

6  harmful factual or legal error by relying upon Dr. Patel's opinion when evaluating the severity of

7  plaintiff's functional limitations.

8                   **c.  Dr. Martin Tinkerhess, M.D.**

9         Plaintiff contends that the ALJ provided inadequate reasons for discounting Dr.

10  Tinkerhess's treating opinion. This contention is unpersuasive.

11         In May 2022, treating physician Dr. Tinkerhess opined that plaintiff could lift less than

12  ten pounds; could stand, walk, and sit for less than two hours; had to alternate sitting, standing,

13  or walking every 30 minutes; had severe grip strength weakness and weak left hip flexion; used a

14  cane for ambulation; and had a number of other physical, postural, reaching, and environmental

15  restrictions. Tr. 1706–07; *see also* Tr. 1534–45 (Dr. Tinkerhess assessing the same limitations in

16  July 2021). The ALJ found Dr. Tinkerhess's 2021 and 2022 opinions to be unpersuasive because

17  the limitations to less than sedentary functional abilities were inconsistent with objective medical

18  evidence and evidence that plaintiff overstated her symptoms. Tr. 33–34. For example, the ALJ

19  noted that Dr. Tinkerhess referred to his findings being supported by physical exams and a

20  pending nerve conduction study when the ultimate results of that study were normal. Tr. 33;

21  *compare* Tr. 1542 (Dr. Tinkerhess stating that physical impairment was supported by "physical

22  exam pending nerve conduction study") *with* Tr. 1616–22 ("This Nerve Conduction Velocity

23  Study/Electromyogram of the left upper and lower extremities is within normal limits.").

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 6

1  Similarly, the ALJ noted that Dr. Tinkerhess referred to purported exam findings as well as a
2  prior MRI and x-rays showing a loss of disc height at L1-L2. Tr. 33 (citing Tr. 1706). However,
3  the ALJ noted, no evidence suggested that the modest MRI findings would warrant the kind of
4  restrictions assessed by Dr. Tinkerhess. Tr. 33. For example, another medical provider
5  characterized the MRI as "largely normal" and the disc disease that did exist as "mild." Tr. 33
6  (citing Tr. 1575). In addition, despite a voluminous record, the ALJ noted that plaintiff never
7  received the kind of treatment one would expect for an individual with disabling back problems.
8  Tr. 34. Moreover, the ALJ questioned the legitimacy of the weakness reported during some
9  examinations when considering the normal EMG results and neuropsychological testing that
10 suggested exaggeration of symptoms. Tr. 34 (citing Tr. 1181–94, 1622). The record is replete
11 with instances over the years since the alleged onset date in which plaintiff had full strength,
12 normal muscle tone, and a normal gait and station. *See, e.g.*, Tr. 608, 725, 728, 732, 736, 742,
13 765, 812, 821, 859, 865, 902, 908, 1121, 1162, 1213, 1214, 1224, 1229, 1230, 1270, 1317, 1332,
14 1602, 1648, 1662, 1679, 1687, 1699, 1873. Contrary to plaintiff's assertions, Dkt. 12, at 9, the
15 ALJ did not ignore the functional limitations stemming from plaintiff's obesity when discounting
16 Dr. Tinkerhess's opinions. While Dr. Tinkerhess did not refer to obesity at all, the ALJ found
17 obesity to be a severe impairment but concluded that her excess weight was not so great as to
18 hinder the performance of basic work activities, such as sitting, standing, walking, bending,
19 reaching, or manipulating. Tr. 21–22.
20     Plaintiff cannot demonstrate that the ALJ's reasons for discounting the supportability and
21 consistency of Dr. Tinkerhess's opinions were unreasonable, unsupported by substantial
22 evidence, or marred by harmful legal error.
23

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 7

### d. Dr. Sheri Tomak, Psy.D.

Plaintiff contends that the ALJ erred in its evaluation of state agency psychological consultant Dr. Tomak's opinion, Dkt. 12, at 7–8, but fails to specify how such a purported error was harmful given the ALJ adopted more restrictive mental restrictions than those opined by Dr. Tomak. Plaintiff's contention is unpersuasive.

In February 2020, on reconsideration Dr. Tomak concluded that psychological signs, symptoms, and functioning could not be determined because plaintiff's self-report did not appear to be valid, i.e., Dr. Patel's neuropsychological evaluation indicated that plaintiff was feigning or exaggerating symptoms. Tr. 157, 174. The ALJ found Dr. Tomak's opinion to be "persuasive only to the extent that I concur that the claimant has failed to meet her burden of showing that she is disabled." Tr. 32. Plaintiff has failed to show that the ALJ was incorrect to accept Dr. Tomak's opinion only so far as being unsupportive of disability. Plaintiff also has failed to show that the ALJ harmfully erred in handling Dr. Tomak's opinion given he found severe mental limitations and assessed mental restrictions in the RFC.

Plaintiff has failed to demonstrate that the ALJ erred as a matter of fact or of law in evaluating Dr. Tomak's opinion.

### e. Bonnie Edwards, M.S.

Plaintiff contends that the ALJ harmfully erred by discounting treating mental health provider Ms. Edwards's opinion. Dkt. 12, at 13–14. This contention is unpersuasive.

In September 2019, Ms. Edwards gave her opinion of plaintiff's ability to do work-related activities based on a treatment relationship that began in May 2019. Tr. 1201–03. Ms. Edwards opined that plaintiff had a marked or extreme restriction on the mental aptitude to do unskilled work in eleven of fifteen domains. Tr. 1202. The ALJ found this opinion to be

unpersuasive because there were no treatment records to support such significant limitations; those limitations were not consistent with the evidence; and Dr. Patel's report suggested that plaintiff's limitations were not as severe as alleged. Tr. 33. These reasons undermine the consistency and supportability of Ms. Edwards's opinion, and Dr. Patel's evaluation is particularly damaging given the conclusion that plaintiff was malingering, feigning, and exaggerating her mental limitations. *See* Tr. 1185. Ms. Edwards stated that her medical findings were based entirely on "[i]nteractions with client during clinical appointments." Nevertheless, Ms. Edwards herself observed that plaintiff "has demonstrated good fund of knowledge, adequate judgment and insight. She has not presented diminished cognitive function or disorientation in any sphere." Tr. 1202.

Plaintiff has not demonstrated that the ALJ harmfully erred as a matter of fact or of law in discounting Ms. Edwards's opinion.

### f. Dr. Peter Struck, M.D., Amy Cantrell, PA-C, Dr. Patti Brettell, M.D., Dr. Kelvin Lam, M.D., Dr. Ramona Grewal, M.D., and John C. Carlin, PA-C

Plaintiff broadly alleges that the ALJ failed to adequately credit treatment notes that conceivably supported the severity of plaintiff's allegations provided by Dr. Struck (migraine treatment), Ms. Cantrell (unspecified issue), Dr. Brettell (unspecified issue), Dr. Lam (unspecified issue), Dr. Grewal (unspecified issue), and Mr. Carlin (pain symptoms due to habitus). Plaintiff's conclusory allegations that the ALJ mishandled the treatment notes are unpersuasive because the treatment notes do not recommend functional limitations that contradict the assessed RFC.

The ALJ discussed the treatment notes from Dr. Struck, Ms. Cantrell, Dr. Brettell, Dr. Lam, Dr. Grewal, and Mr. Carlin. Tr. 20–22. The ALJ was under no further obligation for articulation because these treatment notes do not constitute administrative medical findings or

medical opinions, and they do not provide statements about what plaintiff can still do despite her impairments. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). In fact, while plaintiff argues that the ALJ failed to account for Mr. Carlin's treatment notes regarding plaintiff's limitations stemming from obesity, Dkt. 12, at 13 (citing Tr. 1575), the ALJ's decision shows precisely the opposite. The ALJ cited Mr. Carlin's treatment notes when determining that plaintiff's obesity constituted a severe impairment. Tr. 22 (citing Tr. 1575). Moreover, although Mr. Carlin attributed plaintiff's complaints of pain to "body habitus," he also noted that plaintiff's tenderness upon palpitation over the lower lumbar spine "seemed out of proportion to the degree of the exam." Tr. 1575. This was in addition to Mr. Carlin stating that the MRI of plaintiff's spine was largely normal with only mild degenerative disk disease. *Id.* Rather than supporting plaintiff's contention that the ALJ ignored the functional limitations stemming from obesity, Mr. Carlin's treatment notes could be reasonably interpreted as suggesting that plaintiff exaggerated her symptoms of pain and/or limitation due to obesity.

The Court finds that plaintiff has failed to demonstrate that the ALJ harmfully erred as a matter of fact or law in evaluating the treatment notes of Dr. Struck, Ms. Cantrell, Dr. Brettell, Dr. Lam, Dr. Grewal, and Mr. Carlin.

2. **Plaintiff's Testimony**

Plaintiff contends that the ALJ failed to provide specific, clear and convincing reasons for discounting her symptom and limitation testimony. This argument is unpersuasive because the ALJ found affirmative evidence of malingering that undermined plaintiff's testimony.

The ALJ discounted plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms. Tr. 29–32. When there is affirmative evidence of malingering, the ALJ is not required to give "clear and convincing reasons." *Carmickle v. Commissioner of SSA*, 533

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 10

1  F.3d 1155, 1160 (9th Cir. 2008). The ALJ may simply reject the claimant's testimony without
2  detailed analysis. *See Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).
3  Here, in March 2019, Dr. Patel conducted a neuropsychological evaluation of the plaintiff and
4  found evidence of feigning or exaggerating symptoms as well as malingering. Tr. 1191. Dr. Patel
5  therefore noted that the formal, objective measures of her neuropsychological symptoms should
6  be interpreted with caution given the likelihood of her overall skills being higher than what was
7  found in the evaluation. Tr. 1192. Dr. Patel noted, for example, that if plaintiff's cognitive
8  impairments were as severe as found on formal measures, she would be exhibiting comparable
9  functional limitations requiring 24-hour care and monitoring, which was clearly not the case
10 given her activities of daily living. *Id.*

11       The ALJ reasonably cited Dr. Patel's opinion for the proposition that plaintiff's testimony
12 about her symptoms and functional limitations should be discounted based on evidence of
13 malingering, exaggeration, and feigning. Plaintiff's arguments to the contrary do not support her
14 position. For example, plaintiff contends that it is not possible to feign morbid obesity. While the
15 physical fact of obesity may not be capable of being feigned, the severity of the limitations
16 stemming from obesity certainly can be. Dr. Patel noted that plaintiff ambulated independently
17 with adequate gait and balance. Tr. 1184. In November 2021, although physician's assistant Mr.
18 Carlin remarked that body habitus might be the reason for plaintiff's reported lower-back pain,
19 he also noted that plaintiff appeared to be exaggerating that pain. Tr. 1575. Even when reported
20 with left-sided pain and as ambulating with a cane in September 2021, her left hip extension
21 strength was 4/5, while her left hip flexion and left knee flexion/extension were all 5/5. Tr. 1866.
22 In treating plaintiff for chronic migraines in April 2021, treating physician Dr. Struck noted that
23 plaintiff was negative for arthralgias, back pain, gait problem, joint swelling, myalgias, neck

pain, and neck stiffness. Tr. 1699; *see, e.g.*, Tr. 1662 (May 2021 treatment notes showing negative for back pain and gait problem). Although plaintiff contends that "[p]ain due to migraines is subjective and pain is what the patient says it is," Dkt. 12, at 6, it was not unreasonable for the ALJ to conclude that evidence of plaintiff malingering, feigning, or exaggerating symptoms—including of pain—suggested that plaintiff's limitations from migraines were not as debilitating as alleged.

Plaintiff has not demonstrated that the ALJ harmfully erred as a matter of fact or of law in discounting plaintiff's testimony due to evidence of malingering and exaggeration or feigning of symptoms.

### 3. **Step Four and Step Five Determinations**

Plaintiff contends that the ALJ presented an incomplete RFC to the vocational expert and therefore that the ALJ's step four and step five evaluations were fatally flawed as a matter of fact and of law. The Court has rejected plaintiff's contentions that the ALJ harmfully erred in evaluating the medical evidence and plaintiff's testimony. The Court finds that plaintiff has not demonstrated that the ALJ's RFC assessment was flawed and has not demonstrated that the ALJ's step four and step five evaluations were unsupported by substantial evidence or the result of a misapplication of the law.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 13th day of February, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge